**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**FILED**

**JUN 1 8 2024**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.    1:19 CR 498 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPINION |
| MARKELL FENDERSON, ) | AND ORDER |
| ) | |
| Defendant. ) | |

This matter comes before the Court upon Defendant, Markell Fenderson's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. §2255. (ECF #85). The Government has filed a Response in Opposition to Mr. Fenderson's Motion, and he filed a Reply in Support. (ECF #90, 92).

**FACTUAL AND PROCEDURAL HISTORY**

Mr. Fenderson pled guilty to the indictment on a charge of felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). (ECF 58). On August 3, 2022, he was sentenced to a term of 51 months of imprisonment. (ECF #66). He admitted responsibility for his actions both at his plea hearing and during his pre-sentence report interview. (ECF #58). He did not appeal his conviction or sentence.

On June 23, 2022, before Mr. Fenderson was sentenced, the Supreme Court of the United States decided *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111(2022). The

decision in Bruen held that *"law-abiding"* cititzens have the right to bear arms for self-defense. *See Bruen* at 2122, 2125, 2131, 2133, 2134, 2138, 2150, 2156 (emphasis added).   A majority of current Justices also noted their view that the Bruen decision did not contradict prior statements in *District of Columbia v. Heller,* 554 U.S. 570, 626 & n. 26 (2008)  and *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010(plurality op.), which indicated that felon-dispossession laws remain valid.   On March 25, 2024, nineteen months after he was sentenced, and more than twenty-one months after Bruen was decided, Mr. Fenderson filed his Motion to Vacate.  (ECF #85).

## ANALYSIS

### A. Timeliness

Section 2255 petitions are the exclusive means by which a federal prisoner may collaterally attack a sentence that is alleged to violate federal law. *Davis v. United States*, 417 U.S. 333 (1974); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979).   The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that § 2255 petitions be filed within one year of the finalization of the conviction.  28 U.S.C. § 2255(f); see also, *In re Hanserd*, 123 F.3d 922, 924, 932 (6th Cir. 1997).   Specifically, the statute provides as follows:

(f) A 1 year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of

(1)  the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(f)(1)-(4).

Mr. Fenderson was sentenced on August 3, 2022, and he did not appeal. Therefore, his sentence became final for purposes of §2255(f) on August 17, 2022, the date his right to file a direct appeal expired. Because this action was filed on March 25, 2024, more than nineteen months after the expiration of the one year statute of limitations in § 2255(f)(1), it is untimely. To the extent that his petition purports to seek relief based on the holding of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), decided June 23, 2022, it is also untimely. *Bruen* was decided almost twenty-one months before Mr. Fenderson's petition was filed, and, therefore, well beyond the one year limitations period in § 2255(f)(3). Further, nothing in the petition raises the potential for relief under subsections (2) or (4) of § 2255(f). Therefore, Mr. Fenderson's petition is time-barred and must be dismissed.

B. Procedural Default

Even if they had been timely, Mr. Fenderson's arguments are also procedurally defaulted. Claims that could have been raised on appeal but were not, are procedurally defaulted from consideration under §2255. *United States v. Frady*, 456 U.S. 152 (1982). The argument that §922(g) is unconstitutional after *Bruen* is also defaulted. Bruen was decided before Mr. Fenderson was sentenced. Therefore, the argument that §922(g) is unconstitutional under the reasoning established in *Bruen* was fully available to Mr. Fenderson on direct appeal. Because it was an available argument and he did not choose to raise it on direct appeal, it is procedurally

3

defaulted for purposes of his §2255 motion.   Further, even it were not untimely and procedurally

defaulted, *Bruen* does not support a finding that §922(g) is unconstitutional.

C. Merits

Chapter 18, Section 922(g)(1) of the United States Code does not violate the United

States Constitution.  Although §922(g) does restrict the Second Amendment rights of felons, it

has long been held that the Constitutional right to bear arms does not preclude the legislature

from regulating a felon's ability to possess firearms and ammunition. *See, e.g., Stimmel v.*

*Sessions,* 879 F.3d 198, 203 (6th Cir. 2018); *United States v. Greeno*, 679 F.3d 510, 517 (6th Cir.

2012); *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010).  The Sixth Circuit's published

opinions are controlling law unless there is "an inconsistent decision from the United States

Supreme Court" or an "en banc" Sixth Circuit decision "overrules the prior decision." *Salmi v.*

*Sec'y of Health and Human Services*, 774 F.2d 685, 689 (6th Cir. 1985)(citations omitted); *see*

*also, e.g., United States v. Brown*, 957 F.3d 679, 683-84 (6th Cir. 2020).

The United States Supreme Court has not issued any decision that is inconsistent with the

Sixth Circuits' holdings confirming the constitutionality of the felon-dispossesion laws.  In fact,

the Supreme Court has consistently noted its acceptance of felon-dispossession laws.  In *District*

*of Columbia v. Heller*, the Court specifically stated that "nothing in [that] opinion should be

taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."  It

further described such limitations as "presumptively lawful."  554 U.S. 570, 626 & n. 26 (2008).

In *McDonald v. City of Chicago*, the Supreme Court reiterated the assurances made in Heller that

prohibitions on the possession of firearms by felons is a lawful restriction on their Second

Amendment rights.  561 U.S. 742, 786 (2010)(plurality op.).  Finally, *Bruen*, itself restricted its

holding to clarifying the scope of the Second Amendment's protections for "ordinary, law-abiding" citizens. The majority of current United States Supreme Court Justices specifically noted that their opinion in *Bruen* did not change the state of the law with regard to the Constitutionality of prohibitions on the possession of firearms by felons. *Bruen* at 2157. Therefore, exisiting, controlling law provides no basis upon which this Court could find that 28 U.S.C. §922(g)(1) is unconstitutional, particularly as applied to individuals like Mr. Fenderson, who have been convicted of violent felonies.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue

5

presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, (ECF #85), filed pursuant to 28 U.S.C. § 2255, is dismissed as untimely. Alternatively, the petition would be denied both as procedurally defaulted and on the merits. Furthermore, because the record conclusively shows that Petitioner

is entitled to no relief under § 2255,  the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).  IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: _June 18, 2024_

7