UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:19 CR 498 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| MARKEL FENDERSON, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Markell Fenderson's Motion for Reduction Under 18 U.S.C. §3582(c)(1)(A). (ECF # 98).

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. §542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). Mr. Fenderson has not claimed to have filed a

request with the Warden, or otherwise satisfied the exhaustion requirement, before filing his motion with the Court. Therefore, the Court cannot consider the case on its merits.

Even if the Court could consider Mr. Fenderson's request, his motion does not establish extraordinary and compelling reasons to justify relief. Circumstances that rise to the level of "extraordinary and compelling reasons" warranting a sentence reduction are described in detail in §1B1.13(b) and fall under the following general categories: (1) Medical Circumstances of the Defendant; (2) Age of the Defendant; (3) Family Circumstances of the Defendant; (4) Victim of Abuse; (5) Other Reasons; (6) Unusually Long Sentence. A "compassionate release decision is discretionary, not mandatory." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010). Mr. Fenderson argues that his youthfulness at the time of his prior offenses, when considered in combination with the 829 Amendment to the Sentencing Guidelines which took effect on November 1, 2024, creates a set of circumstances that should be considered "extraordinary and compelling" for purposes of considering a sentence reduction under 18 U.S.C. §3582(c)(1)(A).

Amendment 829 makes several revisions to §5H1.1 of the Sentencing Guidelines, which address how the age of an offender may be relevant in determining the appropriateness of departures from the recommended guideline range, at the time of sentencing. The change Mr. Fenderson argues is relevant to his situation is the addition of language that allows for a downward departure based on the "youthfulness at the time of the offense or prior offenses." U.S.S.G. §5H1.1. Amendment 829 was not made retroactive by the Sentencing Commission. U.S.S.G. §1B1.10(d).

Non-retroactive amendments to the Guidelines Manual are specifically exempted from consideration when a court is determining whether "extraordinary and compelling" reasons for a sentence reduction exist. U.S.S.G. §1B1.13(c). The Sixth Circuit has also held that non-retroactive Guidelines amendments cannot be considered as "extraordinary and compelling" reasons for relief. *United States v. Washington*, 122 F.4th 264, 266 (6th Cir. 2024). Because the Court cannot consider

Amendment 829 when it determines whether "extraordinary and compelling" reasons for relief exist, Mr. Fenderson would have to show that his youthfulness, in and of itself, was an extraordinary and compelling factor, equal in gravity to the grounds set forth in U.S.S.G. §1B1.13(b)(1-4).

Mr. Fenderson's youth at the time of his prior offenses does not rise to the level of extraordinary and compelling in this context. Though he was undoubtedly young when his criminal history began, he was fully into adulthood during the offense conduct in this case. In addition, because the defendant's age and criminal history is a fact known at sentencing, the youthfulness of an offender in relation to his criminal conduct is an impermissible factual consideration for a district court to rely on when determining whether of "extraordinary and compelling" reasons exist for granting compassionate relief. *United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021). Further, Mr. Henderson received no criminal history points for any of his criminal activity that was committed prior to the age of 19, so any conduct committed when he a juvenile was not counted against him. Finally, Mr. Henderson already received a below guidelines sentence, benefitting from a downward departure at the time of sentencing. Any further reduction would fail to recognize the seriousness of the offense, and would disproportional to sentences being served by other defendants with similar conduct and backgrounds.

For the reasons set forth above, the Court finds, in its discretion, that the Defendant's Motion for Sentence Reduction should be DISMISSED without prejudice. (ECF #98). IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATE: February 4, 2025